UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SELIM JUSUFI,

    Petitioner,

vs                                                 Case No. 07-15450
                                                    Honorable Victoria A. Roberts
MICHAEL CHERTOFF, ET AL,

    Respondents.
_____/

## ORDER

**I.    INTRODUCTION**

This matter is before the Court on Petitioner Selim Jusufi's Petition for Writ of Habeas Corpus and Stay of Removal. The Court held a conference on December 21, 2007 with attorney Elias Xenos for Petitioner and Assistant United States Attorneys Bob Woodard and Steve Cares (by telephone) for Defendants. Pending a hearing on December 28, 2007, the Court granted Petitioner's request for a stay of removal, but denied his request for release from custody.

For the reasons set forth below, the Court **DENIES** the Petition.

**II.    BACKGROUND**

Petitioner Jusufi is a native of Yugoslavia. He entered the United States in November 1999 near Hildalgo, Texas with his wife and three children. After a series of rulings by the Immigration Courts in Texas and New York, Petitioner and his family's request that their claim for political asylum be consolidated and transferred to the Detroit

1

Immigration Court was granted.

On February 28, 2006, Immigration Judge Robert Newberry denied the Jusufis' request for asylum and ordered their removal, pursuant to 8 U.S.C. §1182(a)(6)(A)(i), as inadmissible aliens "present in the United States without being admitted or paroled, or who arrive[d] in the United States at any time or place other than as designated by the Attorney General." *See* Gov't Exh. B at pp. 1, 32. On August 14, 2007, the Board of Immigration Appeals ("BIA") upheld Judge Newberry's decision and dismissed the Jusufis' appeal.

Petitioner says due to no error on his part, the BIA mailed a copy of its decision to the incorrect address; it was sent to his former address in Dearborn Heights, Michigan, rather than his current address in Canton, Michigan. Therefore, Petitioner says that he was unaware of the ruling until he was taken into custody by immigration officials on November 16, 2007. The Government asserts, however, that Petitioner never notified the BIA of his change of address. He merely listed the new address in the cover letter to his appeal without indicating that it was a new address or completing a change of address form.

Because he was unaware of the decision, Petitioner failed to file an appeal within 30 days as required. On December 13, 2007, Petitioner filed a Motion to Reopen and Reissue Decision with the BIA requesting that it reissue its decision because of the alleged mailing error so that he would have an additional 30 days to file an appeal. The motion is pending. (Notably, Petitioner did not also file a motion for a stay with the BIA.).

The Government confirmed that preparations are being made to remove

Petitioner and his family to Macedonia within the next few weeks. Petitioner fears that he will be deported before the BIA issues its ruling. He asks the Court to issue a stay of deportation until the BIA renders a decision. Petitioner also requests that, like the rest of his family, he be released on his own recognizance or reasonable bond. The Government opposes both requests.

### III. APPLICABLE LAW AND ANALYSIS

#### A. Petitioner has not Established that the Court has Jurisdiction to Grant a Stay of Removal

Petitioner acknowledges that the Real ID Act of 2005, codified at 8 U.S.C. §1252, *et seq.*, stripped district courts of jurisdiction to review orders of removal; such decisions are the exclusive province of courts of appeals. See 8 U.S.C. §1252(a)(5). Petitioner asserts that it is unclear whether the Real ID Act also stripped district courts of jurisdiction to stay removal while the BIA considers a motion to reopen or reissue a decision. However, Petitioner contends that this Court's jurisdiction must be presumed, in order to avoid a ludicrous result, since the BIA's jurisdiction to consider a motion to reopen or reconsider is withdrawn once an alien is removed. See 8 C.F.R. §1003.23(b)(1). Petitioner reasons that "Congress could not have possibly created a scenario where [the Department of Homeland Security] is permitted to remove an alien before the alien's claim for relief was administratively adjudicated to completion, thus absolving the BIA of its regulatory duty of review." Pet. Supp. br. at p. 3 (footnote omitted).

The Government argues that the Real ID Act, indeed, divests the Court of jurisdiction to grant a stay of removal because such a request is inextricably intertwined

3

with removal proceedings over which the Court has no jurisdiction. In support, the Government points out that 8 U.S.C. §1252(b)(9) precludes review of questions of law and fact "arising from any action taken or proceedings brought to remove an alien from the United States":

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

Also, 8 U.S.C. §1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or *execute removal orders.*" (emphasis added). *See also Reno v American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482 (1999)(finding that §1252(g) bars judicial review of three discrete actions the Attorney General may take--the "decision or action" to "*commence* proceedings, *adjudicate* cases, or *execute* removal orders.").

The Government asserts that Petitioner's challenge to his detention "arises from" action taken to remove him and is based on the Attorney General's decision to "execute" his removal order. The Government says Petitioner's request for a stay "is no less than a collateral attack on the removal order and an attempt to impede the execution of that order." Gov't br. at p. 7.

The parties did not cite and the Court finds no cases directly on point. It appears,

4

however, that courts have broadly interpreted §1252(g) to deprive courts of jurisdiction over any claim which pertains to the enforcement of an order of removal. In *Harb v INS*, 2000 W.L. 424195 (E.D. Mich. 2000), the petitioner filed a habeas petition requesting, *inter alia*, a stay of removal pending a ruling by the immigration court on his motion to reconsider the order of removal. The Court found that petitioner's request for habeas relief arose from the Attorney General's decision to execute the removal order and, therefore, judicial review was barred by §1252(g). The district court in *Earle v Copes*, 2005 W.L. 29999149 (W.D. La. 2005), denied a stay of removal on the same grounds where the petitioner requested a stay pending a ruling on his motion to reopen removal proceedings. The *Earle* court stated:

> To the extent that petitioner seeks a stay of his removal order, this court lacks jurisdiction to grant such relief. Title 8 U.S.C. § 1252(g) deprives federal courts of jurisdiction to entertain claims directed towards the "commencement of proceedings," the "adjudication of cases," or the "execution of a removal order."

2005 W.L. 29999149 at *1.

Likewise here, the plain language of §1252(g) bars the Court from granting Petitioner a stay of removal despite the motion pending before the BIA. In effect, he requests that the Court impede the Attorney General's decision to execute a removal order. Federal district courts are explicitly prohibited under §1252(g) from taking such action.

Petitioner's assertion that Congress could not have intended to allow an alien to be removed before all of his administrative remedies are exhausted is belied by the fact that Congress selectively imposed an automatic stay of removal orders under some

5

circumstances but declined to do so in others. For example, under 8 C.F.R. §1003.6, an order of removal is automatically stayed to allow an appeal of the order to the BIA, but it is left to the immigration judge or the BIA's discretion whether to stay deportation when an alien files a motion to reopen or reconsider a decision:

> (a) Except as provided under § 236.1 of this chapter, § 1003.19(i), and paragraph (b) of this section, the decision in any proceeding under this chapter from which an appeal to the Board may be taken shall not be executed during the time allowed for the filing of an appeal unless a waiver of the right to appeal is filed, nor shall such decision be executed while an appeal is pending or while a case is before the Board by way of certification.
>
> **(b) The provisions of paragraph (a) of this section shall not apply to an order of an Immigration Judge under § 1003.23 or § 242.22 of 8 CFR chapter I denying a motion to reopen or reconsider or to stay deportation, except where such order expressly grants a stay or where the motion was filed pursuant to the provisions of § 1003.23(b)(4)(iii). The Board may, in its discretion, stay deportation while an appeal is pending from any such order if no stay has been granted by the Immigration Judge or a Service officer.**

8 C.F.R. §1003.6 (emphasis added). This grant of discretionary authority with respect to certain actions suggests that Congress, contemplated situations just such as this one but elected not to provide protection against deportation in all instances.

For these reasons, the Court finds it does not have jurisdiction to grant Petitioner's request for a stay of removal.

### B. Petitioner has not Established Grounds for Release from Custody

Under 8 U.S.C. §§1231(a)(1)(A) and (a)(2), the Government must detain an alien for 90 days from the date the order of removal becomes final, during which time it must attempt to effect the removal. An alien may be detained beyond the 90 day period if he

6

is inadmissible (under 8 U.S.C. §1182), removable (under certain provisions of 8 U.S.C. §1227), or has been determined to be a risk to the community or unlikely to comply with the order of removal. 8 U.S.C. §1231(a)(6).

While detention under §1231(a)(6) may not continue indefinitely, six months is considered a presumptively reasonable period of time for the Government to secure removal. *Zadvydas v Davis*, 533 U.S. 678, 700-701 (2001). If the alien has not been removed within 6 months and removal is no longer reasonably foreseeable, continued detention under §1231(a)(6) is not authorized. *Id* at 699. The alien may petition the court for release if he can show that there is no significant likelihood of his removal in the foreseeable future. *Id* at 701. The Government is then required to rebut the showing with evidence.

Here, the Immigration Court deemed Petitioner inadmissible under 8 U.S.C. §1182(a)(6)(A)(i), and the order of removal became administratively final when the BIA denied Petitioner's appeal and the 30 day period for appeal of that denial lapsed. 8 U.S.C. §1231(a)(1)(B)(i). Because the BIA's denial has not been rescinded or reissued, Petitioner is an inadmissible alien. Since he has been detained for less than six months, Petitioner's request for release from custody is premature and must be denied.

## IV.  CONCLUSION

Petitioner Jusufi's Petition for Writ of Habeas Corpus and Stay of Removal is **DENIED**.

**IT IS ORDERED.**

                                                                    s/Victoria A. Roberts

                                                                    Victoria A. Roberts

                                                                    United States District Judge

Dated: December 28, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 28, 2007.

s/Linda Vertriest

Deputy Clerk

---